UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRETT MICHAELS CHILTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00184-SRC |
| | ) | |
| MISSOURI STATE HIGHWAY | ) | |
| PATROL, TROOP E & SGT. J. WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum and Order

Self-represented Plaintiff Brett Michaels Chilton sued the Missouri State Highway Patrol. Doc. 1. Now, he moves for leave to commence this action without payment of the required filing fee. Doc. 2. Having reviewed the application and the financial information submitted in support, the Court finds Chilton lacks sufficient funds to pay the entire filing fee and assesses an initial partial filing fee of $17.52. *See* 28 U.S.C. § 1915(b)(1). Further, based on an initial review of the complaint, the Court dismisses this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As a result, the Court denies as moot Chilton's motions for appointment of counsel, doc. 3; issuance of a subpoena, doc. 6; and preliminary injunction and for restraining order, doc. 7.

## I.     Background

Chilton is a federal pretrial detainee housed at the Ste. Genevieve Detention Center. Doc. 1 at 2. On April 4, 2023, he was charged with being a felon in possession of a firearm. *See United States v. Chilton*, No. 1:23-cr-00052-RWS-ACL-1 (E.D. Mo. filed Apr. 4, 2023). His federal criminal case is pending, and pretrial motions are due February 1, 2024. *See id.* at doc. 47.

Both Chilton's criminal case and this section 1983 action arise out of a traffic stop conducted by Missouri State Highway Patrol Sergeant J. Wilson on February 28, 2023. *Compare* doc. 1 *with Chilton*, No. 1:23-cr-00052-RWS-ACL-1, doc. 2. During this stop, Sergeant Wilson observed a handgun on the driver's seat of Chilton's vehicle. Doc. 1. Sergeant Wilson then arrested Chilton for unlawful possession of a firearm.[1] *Id*.

Chilton brings this action pursuant to 42 U.S.C. § 1983 against the Missouri State Highway Patrol, Troop E, and its sergeant, J. Wilson. *See* doc. 1. Chilton alleges that on February 28, 2023, he and Kelsey Lynn Tyler-Dowdy were working for Jay Jay's Cab Company driving a Chrysler Town and Country in Poplar Bluff, Missouri. Doc. 1 at 3. They had swapped seats at a gas station, and Chilton was driving. *Id*. They were travelling on U.S. 67, and at some point, Sergeant Wilson pulled Chilton over. *Id*. During this stop, Sergeant Wilson asked Chilton to get out of the car. *Id*.

Chilton states that he got out of the car and that the officer observed a small silver derringer handgun. *Id*. at 3–4. Sergeant Wilson asked about the gun, and Tyler-Dowdy said that it was hers, but she had left it in the driver's seat when she and Chilton had traded seats at the gas station. *Id*. at 4. She then attempted to give the officer her sales receipt for the gun, which included her name. *Id*.

Chilton alleges that the officer's police report is inconsistent with the facts: "This officer's report is not consistent with the allegations as well as obvious and unnecessary coercion of the Passenger, Employee for Jay Jay's Cab and owner of her firearm protected under the

---

[1] In addition to his federal charges, Chilton has three cases pending in Missouri state court, Butler County, arising out of this traffic stop. *See State v. Chilton*, No. 23BT-CR00307 (36th Jud. Cir. filed Mar. 1, 2023) (unlawful possession of a firearm); *State v. Chilton*, No. 704010328 (36th Jud. Cir. filed Mar. 9, 2023) (speeding); *State v. Chilton*, No. 704010329 (36th Jud. Cir. filed Mar. 9, 2023) (failure to wear safety belt).

Second Amendment of the United States Constitution and Second Amendment Preservation Act of the State of Missouri." *Id*.  Chilton argues that his arrest is also contrary to "[t]he doctrine that contraband found on a defendant's premises will not support a conviction if other persons have the same access to the premises as the defendant." *Id*.  Further, Chilton alleges Sergeant Wilson discriminated against him based on his felony status and infringed on Tyler-Dowdy's rights as defined in the Missouri Second Amendment Preservation Act:  "This arrest is unconstitutional as well as the officer who has violated our rights." *Id*.

For his injuries, Chilton states "mental health counselling, child custody and support." *Id*.  For relief, he asks the Court to order Missouri State Highway Patrol officers to undergo additional training in due process and discrimination.  *Id*. at 5.  And he seeks "[r]edress of Federal Indictment violating Interstate Commerce," dismissal of his criminal case, and damages for lost wages.  *Id*.

## II.    Discussion

### A.    Initial partial filing fee

A prisoner bringing a civil action must pay the full amount of the filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial-filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Chilton has submitted a notarized ledger of his prison-account statement for the six-month period preceding the filing of his complaint.  Doc. 4.  A review of Chilton's account shows an average monthly deposit of $87.62.  *Id*.  Therefore, Chilton must pay an initial partial filing fee of $17.52, which is 20 percent of his average monthly deposit.

**B.     Initial review**

**i.     Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).  *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

4

plaintiff's complaint in a way that permits his claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

      **ii.**    **Analysis**

      Chilton's complaint concerns two separate constitutional issues:  (1) the rights of Tyler-Dowdy to own a handgun and (2) the constitutionality of Chilton's arrest for being a felon in possession of a handgun.  First, Chilton attempts to assert the rights of his passenger, Tyler-Dowdy, to own a handgun in Missouri.  To satisfy the standing requirement, however, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  Because Chilton does not have standing to assert a constitutional claim on behalf of Tyler-Dowdy, the Court dismisses the complaint as it relates to her.

      As to his own rights, Chilton states that Sergeant Wilson discriminated against him because of his felony status and violated his due process rights.  Doc. 1 at 4.  Further, he states his arrest was unconstitutional.  *Id*.  But Chilton offers no facts from which the Court could find any discriminatory action or motive on the part of Sergeant Wilson.  Chilton's conclusory statement that the sergeant discriminated against him is not enough to state a plausible constitutional claim.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Likewise, Chilton offers no facts from which the Court could find an unconstitutional, or false, arrest.  Chilton's conclusory statement that "[t]his arrest [was] unconstitutional," doc. 1 at 4, is not enough to state a plausible constitutional claim.  *See Iqbal*, 556 U.S. at 678.  Overall, Chilton's complaint lacks the factual content that would allow the Court to "draw the reasonable inference" that Sergeant Wilson is liable for the alleged constitutional violations.  *See id.*

III.    **Conclusion**

Accordingly, the Court grants Chilton's [2] application to proceed in the district court without prepayment of fees and costs.  Further, the Court orders Chilton to pay an initial filing fee of $17.54 by no later than March 1, 2024.  Chilton must make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

Further, the Court dismisses, without prejudice, Chilton's civil-rights complaint under 42 U.S.C. § 1983 for failure to state a claim upon which relief may be granted.  Finally, the Court denies Chilton's [3] motion for appointment of counsel as moot; denies Chilton's [6] motion for issuance of a subpoena as moot; and denies Chilton's [7] motion for preliminary injunction and for temporary restraining order as moot.  A separate Order of Dismissal accompanies this Memorandum and Order.  The Court certifies that an appeal from this dismissal would not be taken in good faith.

So ordered this 31st day of January 2024.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

6